UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

MICHAEL ALLEN BARLOW and
JENNIFER ANN GALLAGHER-BARLOW,

                       Debtors.

_____/

Case No. DK 08-09465
Chapter 13
Hon. Scott W. Dales

## <u>OPINION FOLLOWING STATUS CONFERENCE ON OBJECTION TO CLAIM #6</u>

PRESENT:    HONORABLE SCOTT W. DALES
                       United States Bankruptcy Judge

On January 13, 2010 in Kalamazoo, Michigan, the court held a hearing to consider the status of Steven McGee's Claim No. 6. Debtors Michael and Jennifer Barlow (the "Debtors") appeared through counsel; Steven A. McGee ("Mr. McGee") did not appear. At the hearing, the Debtors' counsel argued that the court should enter an order overruling Claim No. 6 on the grounds that an order of the Honorable Paul L. Maloney invalidated the lien and any claim McGee has against the Debtors or their residence, which the court shall refer to as the "Pokagon Highway Property." Although Debtors' counsel referred at the hearing to an amended objection, which reportedly included a copy of Judge Maloney's decision, the court's review of the docket found no such filing.

Rather, the court's review establishes that, by order dated March 12, 2009 (the "March 12 Order," DN 78), the court overruled the Debtors' objection to Mr. McGee's Claim (the "Objection," DN 33) on the ground that the Objection sought to invalidate an interest in real estate, and that such relief is only available in an adversary proceeding. <u>See</u> March 12 Order at

p.2 (citing Fed. R. Bankr. P. 3007(b) and 7001(2)).  In addition, the docket shows that in July, 2009, the Debtors filed a proposed order sustaining the Objection (the "Proposed Order," DN 133) -- contrary to the March 12 Order.  The court took no action on the Proposed Order, which apparently prompted the Debtors to inquire about the status of their Objection.  The court set the matter for hearing.

As noted above, the Debtors' counsel argued at the January 13, 2010 hearing that the court should disallow Claim No. 6 on the grounds that Judge Maloney's order invalidated the lien and any claim Mr. McGee had against the Debtors and the Pokagon Highway Property.  Although the court could not locate the amended objection to which Debtors' counsel alluded, the court presumes that counsel is relying on Judge Maloney's opinion in McGee v. United States, 09-CV-154, Slip Op. (W.D. Mich. March 31, 2009).

Judge Maloney's opinion does indeed undercut Mr. McGee's challenge to the criminal forfeiture upon which most of his filings before this court depend.  The opinion recites that other courts, including the Sixth Circuit, have rejected the arguments.  This court's own March 12 Order noted that the prior orders of the District Court involving Mr. McGee and his quest to avoid the effects of the criminal forfeiture of the Pokagon Highway Property could be offered for their preclusive effect in this proceeding.  See March 12 Order at p. 2.  For that matter, the court's Order Regarding Dismissal of Adversary Proceeding, dated June 25, 2009 (DN 63 in Adv. No. 09-80094) noted that Mr. McGee's numerous filings are "mainly premised on his view of events that the United States District Court and the United States Court of Appeals have rejected . . ."  While it is true that the court dismissed Mr. McGee's adversary proceeding "with prejudice" in accordance with the presumption under Rule 41(b), and that Judge Maloney refused to declare that Mr. McGee owned the Pokagon Highway Property, strictly speaking,

neither Judge Maloney nor this court has entered any order invalidating Mr. McGee's supposed equitable lien or otherwise directed the Cass County Clerk to extinguish the lien, which is presumably the relief the Debtors want but have not yet sued for.

As matters presently stand, there is no formal, pending request from the Debtors for any relief, so the court will take no action. To the extent the Debtors or any party seeks an order specifically invalidating Mr. McGee's lien, as the court has previously stated, such relief requires the proponent thereof to file a complaint, serve it with a summons, and otherwise prosecute an "adversary proceeding" - a term of art that means "a proceeding to determine the validity, priority, or extent of a lien or other interest in property." See Fed. R. Bankr. P. 7001(2). As the court has noted on several occasions, such a proceeding may afford the Debtors an opportunity to argue the preclusive effect of prior decisions on Mr. McGee's asserted rights, while giving Mr. McGee the process he is due under the federal rules.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Clerk shall serve a copy of this Opinion pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Steven A. McGee, Michael and Jennifer Barlow, Richard F. Ruby, Esq., the Chapter 13 Trustee, and other parties who have filed appearances in the case.

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: January 15, 2010**