UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

                              Case No. DK 08-09465

MICHAEL ALLEN BARLOW and        Chapter 13
JENNIFER ANN GALLAGHER-BARLOW,    Hon. Scott W. Dales

            Debtors.
_____/

**OPINION AND ORDER**
**DENYING MOTION TO RECUSE**

PRESENT:    HONORABLE SCOTT W. DALES
                United States Bankruptcy Judge

Steven A. McGee ("Mr. McGee") has filed numerous motions, responses, and pleadings in this court which the court has generally rejected on the merits. Evidently frustrated with the outcome of his litigation campaign to recover real estate he forfeited through criminal activity, Mr. McGee has filed a motion asking the undersigned to recuse himself from further proceedings. *See* Motion Requesting Recusal of Presiding Judge (the "Motion," DN 218). The court has reviewed the Motion and will deny it.

Recusal in the bankruptcy court is governed by statute and rule. *See* 28 U.S.C. § 455; Fed. R. Bankr. P. 5004. The applicable statute provides in relevant part as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> (b) He shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455.  Mr. McGee's Motion is premised on the suspicion of bias or prejudice.

As the Supreme Court explained, the statutory terms "bias or prejudice . . . connote a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess ... or because it is excessive in degree." *See Liteky v. United States*, 510 U.S. 540, 550 (1994).   Generally speaking, the opinions that a judge forms about a party or his case arising from the judge's review of materials properly before him do not amount to improper "bias" or "prejudice," but instead are the natural by-products of familiarity with the facts and circumstances of a case. The judicial role, naturally, requires the court to form an opinion based upon matters properly called to its attention, and to enter orders premised on those opinions. *In re Triple S Restaurants, Inc.*, 422 F.3d 405, 417 (6th Cir. 2005).

While it is true that Mr. McGee's motions and other papers have not met with much success, a reasonable person with knowledge of his litigating position, the docket in this case, applicable law, and the preclusive effect of prior court decisions would not reasonably question the undersigned's impartiality.

Most circuits, including our own, have observed that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. University of Michigan Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (*citing In Re Union Leader Corp.*, 292 F.2d 381, 391 (1st Cir.), *cert. denied*, 368 U.S. 927 (1961)). Because there is no reason to reassign the matter, the undersigned will continue to preside.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 218) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon all parties who have appeared in this matter.

END OF ORDER

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: December 28, 2010**